**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | § | |
|---|---|---|
| | § | |
| IN RE: F/V CAPTAIN MICHAEL II | § | CIVIL ACTION NO. 3:23-cv-00145 |
| | § | |
| | § | |

### OPINION AND ORDER

Pending before me is a Request for Clerk's Entry of Default (Dkt. 11) ("Request") filed by Limitation Petitioner Hung Manh Nguyen ("Petitioner"). For the reasons stated below, Petitioner's Request is **DENIED** without prejudice to refiling once Petitioner cures the service defects noted below.

### BACKGROUND

On May 12, 2023, Petitioner filed a Complaint as the owner or pro hac vice owner of the F/V CAPT. MICHAEL II, an 81.8 foot steel-hulled commercial fishing vessel (the "Vessel"). Petitioner seeks exoneration and/or limitation of liability pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Rule F") for any claims of damage or injury arising from an October 14, 2022 incident aboard the Vessel while it was undergoing maintenance and anchored approximately 20 miles off the coast of Aransas Pass, Texas.

Petitioner represents that Vui Nguyen, a deckhand, "has claimed that as he was standing at the stern of the Vessel and/or attempting to release a line that was attached to the Vessel's fishing door, he allegedly sustained an injury to the left side of his head when he was struck by a block." Dkt. 1 at 3. Petitioner represents that he "first received a claim in writing on November 23, 2022," and that "[t]he amount of Vui Nguyen's claim is unknown at this time, as no demand has yet been made upon Limitation Petitioner by Vui Nguyen and the monetary amount of Vui Nguyen's alleged damages has not been disclosed to Limitation Petitioner." *Id.* at 2. Although Petitioner does not explicitly state that Vui Nguyen is the individual

from whom Petitioner received a claim in writing on November 23, 2022, Petitioner does not mention any other claims or potential claimants.

Petitioner provided a Stipulation of Value in the amount of $500,000.00—the value of the Vessel at the time of the October 14, 2022 incident—plus interest in the amount of 6% per annum as security for all claims in this proceeding. Petitioner moved for an order approving his Stipulation of Value, directing issuance of notice to claimants, and restraining the prosecution of claims. On May 15, 2023, I granted Petitioner's motion and ordered that notice "be served by Petitioner on all persons asserting claims with respect to which the Complaint seeks limitation." Dkt. 5 at 2. I also ordered that notice "be published by Petitioner in the newspapers of general circulation in the Galveston, Texas and Palacios, Texas areas, once a week for four (4) successive weeks prior to [June 30, 2023,] the date fixed for the filing of claims . . . and copies of the notices shall also be mailed in accordance with . . . Rule F." *Id*.; *see* FED. R. CIV. P. SUPP. F(4) ("The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.").

Upon entry of the Court's May 15, 2023 Order, the Clerk issued a "Notice of Complaint for Exoneration from and/or Limitation of Liability" ("Notice"). The Notice ordered "[a]ll persons asserting claims with respect to [an alleged incident involving Vui Nguyen, which occurred on or about October 14, 2022 while he was aboard the F/V CAPT. MICHAEL II] to file their respective claims with" the Clerk of the Court for this district and "to serve a copy thereof upon the attorneys for Limitation Petitioner" on or before June 30, 2023, or be defaulted. Dkt. 6 at 1–2. "Any claimant desiring to contest either the right to exoneration from and/or the right to limitation of liability" was required to "file and serve an answer as required by Rule F." *Id*.; *see also* FED. R. CIV. P. SUPP. R. F(5).

On June 29, 2023, Petitioner filed a Notice of Proof of Publication of Legal Notice showing that the Notice was published in the *Galveston Daily News* on May 19, May 26, June 2, and June 9, 2023; and in the *Palacios Beacon* on May 24, May 31, June 7, and June 14, 2023. On May 15, 2023, Petitioner emailed the Notice—as well as copies of all other pleadings and orders—to Mr. Emmerico T. Nepomuceno, Vui Nguyen's counsel. *See* Dkt. 11-2. Petitioner now requests a Clerk's Entry of Default, asserting that "[n]o claimants, including Vui Nguyen, filed a claim in this matter prior to the June 30, 2023 deadline that was imposed by the Court." Dkt. 11 at 2.

## ANALYSIS

### A. STANDARD OF REVIEW FOR DEFAULT

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Accordingly, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "Because it is important to keep straight default language, a review of the terms regarding defaults is appropriate." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The Fifth Circuit has instructed:

> A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.

*Id.* (citing FED. R. CIV. P. 55(a)); *see also AT&T Corp. v. Acilis Backbone Techs., LLC*, No. 1:22-CV-466, 2022 WL 19404026, at *1 (W.D. Tex. July 28, 2022) ("Default under Rule 55 is a two-step process: (1) the entry of default and (2) the subsequent entry of a default judgment." (quotation omitted)).

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, *and that failure*

3

*is shown by affidavit or otherwise*, the clerk must enter the party's default." FED. R. CIV. P. 55(a) (emphasis added). "For purposes of clarity, '[t]he defendants in the limitation action are those parties who have suffered damage in the casualty and would normally be plaintiffs in their own right, had they commenced the action originally.'" *Matter of Cangiano*, 411 F. Supp. 3d 234, 239 n.6 (D. Conn. 2019) (quoting 3 Benedict on Admiralty § 12 (2019)). Default should not be entered "if the defendant has not been effectively served with process." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 72 (S.D.N.Y. 2007). "As the party asserting the validity of service, Plaintiff bears the burden to show that [Vui Nguyen] has been properly served." *Schoenbauer v. Deutsche Bank Nat'l Tr. Co.*, No. 3:20-CV-1901-E-BH, 2021 WL 1169535, at *2 (N.D. Tex. Mar. 11, 2021).

With these principles in mind, I turn to Petitioner's Request.

**B.      PETITIONER HAS NOT SERVED THE ONLY KNOWN CLAIMANT**

This Court's May 15, 2023 Order required the Notice to "be *served* by Petitioner on all persons asserting claims with respect to which the Complaint seeks limitation." Dkt. 5 at 2 (emphasis added). In this case, that is one person: Vui Nguyen. *See id.* at 1. Petitioner alleges that he has properly served Vui Nguyen by emailing all pleadings and orders in this case to Vui Nguyen's counsel.

In determining whether proper service has been effectuated, it is important to remember that "[t]he existence of an attorney-client relationship does not, in itself, convey authority to accept service." *Schoenbauer*, 2021 WL 1169535, at *2 (quotation omitted); *see also Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971) ("[S]ervice of process is not effectual on an attorney solely by reason of his capacity as attorney."). As I noted a few months ago, "service on an attorney cannot constitute notice unless that attorney is authorized to accept service." *Garza v. Armstrong*, No. 3:22-CV-00418, 2023 WL 2842766, at *2 (S.D. Tex. Apr. 6, 2023) (citing *United States v. $184,505.01 in U.S. Currency*, 72 F.3d 1160, 1164 n.10 (3d Cir. 1995) (collecting cases)).

4

Here, there is no evidence that Mr. Nepomuceno, Vui Nguyen's counsel, "had the actual authority to accept service of process" on behalf of Vui Nguyen. *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002). Without proof that Mr. Nepomuceno had the authority to accept service on behalf of his client, service is simply not valid. *See id.* And even if Mr. Nepomuceno did have the authority to accept service on behalf of Vui Nguyen and there was such evidence in the record, Petitioner sent the Notice by email. Under the federal rules, Petitioner would also be required to show that Mr. Nepomuceno "consented to [service by electronic means] in writing." FED. R. CIV. P. 5(b)(2)(E).

Even if there were evidence in the record that Mr. Nepomuceno was authorized to accept service on Vui Nguyen's behalf, and that Mr. Nepomuceno has consented to service by electronic means, default still would not be appropriate. Separate and apart from this Court's May 15, 2023 Order requiring personal service on Vui Nguyen, Rule F requires Petitioner to "*mail* a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose." FED. R. CIV. P. SUPP. R. F(4) (emphasis added). Under the Federal Rules of Civil Procedure, which apply to proceedings in admiralty, *see id.* R. A(2), "mail" means "letters conveyed under public authority," not electronic mail. *See Prince v. Poulos*, 876 F.2d 30, 32 (5th Cir. 1989) (cleaned up).[1]

Given Petitioner's failure to comply with this Court's May 15, 2023 Order and the Federal Rules of Civil Procedure, including the Supplemental Rules, default may not be entered at this time. Because doubts must be resolved in the defaulting party's favor, I will extend the time for Vui Nguyen to file a claim in this proceeding to Friday, September 1, 2023. *See* FED. R. CIV. P. SUPP. R. F(4) ("For cause shown, the court may enlarge the time within which claims may be filed.").

---

[1] To prevent further confusion, I will take this opportunity to remind Petitioner that this district's Local Rules require motions for default judgment to "be served on the defendant-responded by certified mail (return receipt requested)." S.D. TEX. L.R. 5.5.

A Supplemental Notice advising Vui Nguyen of the enlarged time for filing claims in this proceeding will be filed on the docket of this case at Dkt. 14.

## CONCLUSION

For the reasons stated above, Petitioner's Request for Clerk's Entry of Default (Dkt. 11) is **DENIED** without prejudice to refiling.

Petitioner is **ORDERED** to serve *and mail* claimant Vui Nguyen with a copy of this Order (Dkt. 13) and the Supplemental Notice (Dkt. 14) by Friday, August 11, 2023.

SIGNED this 31st day of July 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE